HARDING GLASS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19708.   Promulgated February 26, 1929.

*South Trimble, Esq.*, and *Louis B. Montfort, Esq.*, for the petitioner.

*C. R. Marshall, Esq.*, for the respondent.

622

OPINION.

PHILLIPS: The parties to this proceeding have stipulated that the amount of depreciation allowable for the years 1920 and 1921 is $23,382.20 and $29,037.39, respectively. The sole remaining question is whether the $250,000 of capital stock issued July 20, 1920, for interest-bearing promissory notes of the same amount should be included in invested capital for the remainder of that year and for the year 1921.

The Revenue Act of 1918, section 326, provides that invested capital for any year means "(2) Actual cash value of tangible property, other than cash, bona fide paid in for stock or shares, at the time of such payment * * *." Section 325 provides that "The term 'tangible property' means stocks, bonds, notes, and other evidence of indebtedness, etc."

The evidence establishes that the notes were given at a time when the business of the company was expanding and more capital was needed. An additional plant was nearing completion, involving larger operations and further need of capital to meet the expansion. This plant, however, was destroyed by fire some fifteen days after this increase in stock took place, and by the time it was rebuilt business had fallen off to the point where there was no need for the operation of the new plant and the additional capital became unnecessary. The increased stock was retired early in 1922.

In the meantime these notes had been carried on the books and included on balance sheets as assets. They had been used in obtaining credit. The makers were responsible financially and the notes when received were worth their face value. Interest was paid on them. The undisputed testimony is that at the time these notes were given it was expected that they would be paid and there is nothing which throws doubt on this testimony. We conclude that the transaction was bona fide, that the notes were worth their face amount, and that the petitioner is entitled to include them in computing its invested capital unless the transaction was void and the notes unenforcible. *Bowers* v. *Kaufman*, 18 Fed. (2d) 69; Am. Fed. Tax Rept. 5909; *Hewitt Rubber Co.*, 1 B. T. A. 424; *American Steel Co.*, 1 B. T. A. 839; *Cross Mountain Coal Co.*, 2 B. T. A. 587; *Stamey-Mackey Construction Co.*, 4 B. T. A. 383; *Feeder Supply Co.*, 8 B. T. A. 839; *Columbus Canning Co.*, 10 B. T. A. 1085.

It seems well settled that in the absence of statutory authority the receipt of the notes of a solvent maker in payment for capital stock of a corporation is not a void transaction. See *Hewitt Rubber Co.*, *supra*, and cases there cited. We have found nothing in the West Virginia statutes or decisions which would indicate that such notes are unenforcible. On the other hand the decisions seem to indicate that such a transaction is enforcible. *Pittsburg, Wheeling & Kentucky Railroad Co.* v. *Applegate*, 21 W. Va. 172.

The deficiency should be recomputed by including these notes in invested capital from the date of receipt, and by adjusting depreciation in accordance with the stipulation.

*Decision will be entered under Rule 50.*